**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **SHRIMAD HOLDINGS, L.P.** | § | |
| **D/B/A QUALITY INN & SUITES,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:17-cv-00968** |
| | § | |
| **SENECA INSURANCE COMPANY** | § | |
| **AND DAVID CARBERRY,** | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANTS SENECA INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant Seneca Insurance Company ("Seneca") files this Notice of Removal to the United States District Court for the Western District of Texas, Austin Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows the Court the following:

## I.      FACTUAL BACKGROUND

1.      This is an insurance claim based on alleged property damage to a commercial property located in Del Valle, Texas.  On or about April 2016, Shrimad Holdings, L.P. d/b/a Quality Inn & Suites ("Shrimad Holdings" or "Plaintiff") filed its Original Petition in the matter styled as Cause No. D-1-GN-17-004461*; Shrimad Holdings, L.P. d/b/a Quality Inn & Suites v. Seneca Insurance Company and David Carberry*; In the 98th Judicial District Court of Travis County, Texas.  According to Plaintiff's Original Petition, Seneca insured the property and

Carberry handled the claims process.  Plaintiff asserts that both Seneca have and Carberry have delayed and underpaid the claim.

2.      Plaintiff served Seneca with its Original Petition on or about September 11, 2017. Seneca filed its Original Answer and General Denial on October 2, 2017.  Accordingly, Seneca timely files this Notice of Removal within thirty (30) days of receiving service of process and citation. *See* 28 U.S.C. §1446(b).

## II.      BASIS FOR REMOVAL

3.      Defendant files this Notice of Removal within thirty (30) days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. §1446(b).  This Notice of Removal is being filed within one (1) year of the commencement of this action.  *See id.*

4.      Although Plaintiff has named Carberry as a defendant, he has actually been improperly joined solely to defeat diversity jurisdiction.  Plaintiff alleges that Carberry is the adjuster who adjusted this claim, but fails to allege any specific facts that establish a valid cause of action against him. Plaintiff has not asserted a single allegation of any act performed by Carberry himself; instead, Plaintiff recites a few sentences of vague and boilerplate allegations that scarcely reference Carberry in his individual capacity. Such generic allegations are insufficient to state a potential right to relief against Carberry. As such, Carberry has been improperly joined in an effort to defeat diversity of citizenship.

5.      A defendant may be disregarded as a party if the Court determines that his joinder is an improper device to defeat diversity jurisdiction and prevent removal. *See Gonzales v. Homeland Ins. Co. of New York*, 2011 WL 3104104 at *2 (S.D. Tex. Jul. 25, 2011). "The presence of an improperly joined, non-diverse defendant does not defeat federal jurisdiction

2827927v1
01446.218

premised on diversity." *Id.*, *quoting Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (citing *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir.2006)).

6.      Because there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Carberry, his presence should be disregarded in determining diversity jurisdiction and he should be dismissed.

7.      Therefore, removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A**.      **The Proper Parties Are Diverse**

8.      Upon information and belief, Plaintiff is, and was at the time the lawsuit was filed, a company domiciled in Texas.

9.      Seneca is a subsidiary of Defendant Crum & Forster Indemnity Company which is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Morristown, New Jersey.

10.      Defendant David Carberry is a citizen of Texas.

11.      Because Plaintiff is a citizen of Texas, Defendant Seneca is  a citizen of Delaware and New Jersey, and because Defendant Carberry has been improperly joined, complete diversity of citizenship exists among the parties.

**B**.      **Improper Joinder Standards**

12.      This Court should find that Carberry has been improperly joined solely to defeat diversity.  A party may establish improper joinder by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en

banc). To determine "whether the complaint states a claim under state law against the in-state defendant," courts "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint." *Smallwood*, 385 F.3d at 573.

13. The Fifth Circuit has recently clarified that for the improper joinder analysis, pleadings must satisfy the federal pleading standard - <u>not</u> Texas's fair notice pleading standard. *Int'l Energy Ventures Mgmt*., 818 F.3d at 200 ("It is well-established, of course that Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading standard'") (emphasis original) (internal citations omitted). This means that many allegations under the Texas Insurance Code must meet the heightened pleading requirements of Rule 9(b). *See, e.g., Columbia Mut. Ins. Co. v. Trewitt-Reed Funeral Home, Inc*., No. 4:15-CV-568-A, 2016 WL 524597, at *2 (N.D. Tex. Feb. 5, 2016). When these principles are applied, it is evident that Carberry has been joined solely to defeat diversity jurisdiction.

**C. Carberry Has Been Improperly Joined**

14. Plaintiff cannot establish any claim against Carberry individually that would show he is properly joined. First, Carberry was acting on Seneca's behalf and any of his actions were necessarily those of Seneca, a point which Section IV. (F) of Plaintiff's Original Petition concedes. As such, Plaintiff has failed to state an actionable claim against Carberry as an individual defendant.

15. Next, Plaintiff has not alleged any specific facts against Carberry himself that would lead to individual liability. Each allegation against him is either couched in the plural "Defendants" or otherwise describes Carberry acting within the course and scope of his employment. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *TAJ Prop., LLC v. Zurich Am. Ins. Co.*, No. H-10-2512, 2010 WL 4923473, at *4 (S.D. Tex. Nov. 29, 2010)

4

(holding that an adjuster was improperly joined when all claims were made generally against "Defendants" without specific allegations regarding the adjustor's actions). While an adjuster may theoretically be liable for a violation of the Insurance Code, a plaintiff must nevertheless allege some factual basis that would support individual liability. *Id.* Because Plaintiff has not done so against Carberry, it is evident that he has been improperly joined solely to defeat diversity jurisdiction.

16.    Moreover, many of the causes of action asserted against Carberry are not even actionable against individual adjusters.  Several courts have already ruled that many of the commonly asserted causes of action against insurance adjusters – just like those here – are not actionable.  For example:

- Plaintiff cannot recover against Carberry under Insurance Code §541.060(a)(2)(A). *Mainali Corp.*, 2015 WL 5098047 at *4, *citing One Way Invs., Inc. v. Century Sur. Co.*, 2014 WL 6991277 at*4 (N.D. Tex. Dec. 11, 2014); *see also Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, No. 3:15-CV-3741-D, 2016 WL 931217, at *4 (N.D. Tex. Mar. 11, 2016).  This is the case because an adjuster merely assesses the claimed damages without any settlement authority on behalf of the insurer. *Id.*

- Plaintiff cannot recover against Carberry under Insurance Code §541.060(a)(3). *Lopez v. United Prop. & Cas. Ins. Co*., No. 3:16-CV-0089, 2016 WL 3671115, at *4 (S.D. Tex. July 11, 2016) *citing id.*  Not only does an adjuster not have authority to affirm or deny coverage to a policyholder, an adjuster also does not have an actual obligation to provide a reasonable explanation of the basis in the policy for the insurer's position. *Id.*

- Plaintiff also cannot recover against Carberry for any violations of Chapter 542 because it "only applies to specifically listed 'insurers,' and [Carberry], an adjuster, is not an insurer." *Mainali Corp*., 2015 WL 5098047; *see also Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 723 (N.D. Tex. 2014).

- Plaintiff cannot recover on its DTPA claims against Carberry for the same reasons that it cannot recover on its Insurance Code causes of action. *Id.*

As these claims are not actionable against Carberry, they do not provide a basis to predict recovery against him.

5

17.    The same is true of Plaintiff's claims for alleged misrepresentations, which must meet the heightened scrutiny of Rule 9(b).  *Wallace v. Tesoro Corp.*, 796 F.3d 468, 480 (5th Cir. 2015).   The only misrepresentations alleged by Plaintiff occurred after the loss in question. *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins*. Co., H-10-1846, 2011 WL 240335, at *11 (S.D. Tex. Jan. 20, 2011) ("Texas courts consistently hold [post-loss misrepresentations] do not give rise to DTPA or Insurance Code liability, especially when they pertain to coverage."), *citing Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 & n. 55 (Tex. 1990). Moreover, Plaintiff does not allege how it relied on any purported misrepresentation or how it was somehow damaged by them apart from any benefits that were due under the policy.  Other courts in this district have recognized that when misrepresentation claims arise solely from the insurance contract, they do not state an actionable claim against the individual adjuster.  *Mt. Olive Missionary Baptist Church v. Underwriters at Lloyd's, London*, CV H-16-234, 2016 WL 4494439, at *5 (S.D. Tex. Aug. 26, 2016) (internal citations omitted).  As a result, these facts show that Plaintiff cannot recover on a claim for misrepresentation against Carberry.

**D.     The Amount in Controversy Exceeds the Jurisdictional Requirements for Diversity Jurisdiction.**

18.    The amount in controversy requirement for diversity jurisdiction is satisfied in this case as demonstrated by Plaintiff's Original Petition in which Plaintiff alleges that it "seeks "monetary relief over $200,000.00 but not more than $1,000,000.00."  *See* Plaintiff's Original Petition at Section I. This amount exceeds the jurisdictional requirements for subject matter jurisdiction, and demonstrates that the amount in controversy requirement is satisfied.

2827927v1
01446.218

### III.    REMOVAL IS PROCEDURALLY CORRECT

19.    Plaintiff served Seneca's registered agent on September 11, 2017. Accordingly, Seneca files this Notice of Removal within the thirty-day time period required by 28 U. S. C. Section 1446(b).

20.    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claim allegedly occurred in this District and Division.

21.    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

22.    Pursuant to 28 U.S.C. §1446(d), promptly after Seneca files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

23.    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Bee County District Court, promptly after Seneca files this Notice.

### IV.    CONCLUSION

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal, which are incorporated by reference, Defendants Seneca Insurance hereby removes this case to this court for trial and determination.

Respectfully submitted,

THOMPSON COE COUSINS & IRONS, L.L.P.

By: _/s/ *James N. Isbell*
    James N. Isbell
    State Bar No. 10431900
    jisbell@thompsoncoe.com

7

Christopher H. Avery
Texas State Bar No. 24069321
cavery@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Telecopy: (713) 403-8299

**ATTORNEYS FOR DEFENDANTS**
**SENECA INSURANCE COMPANY**
**AND DAVID CARBERRY**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon all known counsel of record as follows on this 11th day of October, 2017:

William N. Allan IV
Allan, Nava & Glander, PLLC
13409 NW Military Highway, Suite 300
San Antonio, Texas 78231
serveone@ANGlawfirm.com
Telephone: (210) 305-4220
Telecopier: (210) 305-4219

*Counsel for Plaintiff*
*Shrimad Holdings, L.P.*
*d/b/a Quality Inn & Suites*


  */s/ Christopher H. Avery*
Christopher H. Avery

8

2827927v1
01446.218