**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **SHRIMAD HOLDINGS, L.P.** § | | |
| **D/B/A QUALITY INN & SUITES,** § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | **CIVIL ACTION NO. 1:17-cv-00968** | |
| § | | |
| **SENECA INSURANCE COMPANY** § | | |
| **AND DAVID CARBERRY,** § | | |
| § | | |
| *Defendants*. § | | |

**DEFENDANT DAVID CARBERRY'S MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

In response to Plaintiff Shrimad Holdings, L.P. d/b/a Quality Inn & Suites' ("Quality Inn") Original Petition, Defendant David Carberry asserts that he has been improperly joined in this action solely to defeat diversity jurisdiction and moves that the Court dismiss all claims against him pursuant to Fed. R. Civ. P. 12(b)(6). Carberry would respectfully show:

### I.   BACKGROUND

This is an insurance claim based on alleged property damage to a commercial property located in Del Valle, Texas. On or about April 2016, Quality Inn filed its Original Petition in the matter styled as Cause No. D-1-GN-17-004461; *Shrimad Holdings, L.P. d/b/a Quality Inn & Suites v. Seneca Insurance Company and David Carberry*; In the 98th Judicial District Court of Travis County, Texas. According to Quality Inn's Original Petition, Seneca insured the property and Carberry handled the claims process. Quality Inn asserts that both Seneca and Carberry have delayed and underpaid the claim.

1

Despite Quality Inn's assertions, the claims against David Carberry fail because they are nothing more than regurgitations of statutory language.  Quality Inn's Original Petition is devoid of any facts that would subject Carberry to liability in his individual capacity, rather than in the adjusting capacity he performed for Seneca.  Numerous federal courts have recognized that such boilerplate allegations are nothing more than attempts to defeat diversity jurisdiction, rather than efforts to actually state claims and recover against individual insurance adjusters.  As such, Carberry moves that all claims asserted against him by Quality Inn be dismissed.

## II.   STANDARD OF REVIEW

The Fifth Circuit has ruled that federal court pleading standards apply in determining the sufficiency of a plaintiff's state-court petition for removal purposes.  *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 208; *see also*; *Mastronardi v. Wells Fargo Bank*, 653 Fed. Appx. 356, 357 (5th Cir. 2016) (noting that the revised Texas standard of pleading "now tracks the federal standard.").  Consequently, a plaintiff's obligation to articulate the grounds of entitlement to relief requires more than labels and conclusions.  *Papasan v. Allian*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* [citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")].  Importantly, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

Indeed, courts in this District have noted, "[t]he joinder of a local claims adjuster in a [Texas] state court action against a non-citizen insurance company in an attempt to avoid federal court jurisdiction apparently has become a popular tactic." *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F.Supp.3d 944, 949 (S.D. Tex. July 11, 2016) citing *Gonzalez v. State Farm Lloyds*, 4:15–CV–305–A, 2015 WL 3408106, at *3 (N.D. Tex. May 27, 2015). Thus, while Texas law may permit adjusters to be found individually liable for certain violations of the Texas Insurance Code or the DTPA, "for an adjuster to be held individually liable, they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage." *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D.Tex.2014) (internal citations omitted).

### III.   ANALYSIS

This distinction between theoretical possibilities and actual facts is critical in this case. After all, a plaintiff cannot just allege a violation of the general Insurance Code and hope for the best. *Moore v. State Farm Mut. Auto. Ins. Co.*, CIV.A. H-12-1539, 2012 WL 3929930, at *4 (S.D. Tex. Sept. 6, 2012) (plaintiff's failure to distinguish between actual facts and "near verbatim recitations" of statutory causes of action showed improper joinder of adjuster). Yet theoretical possibilities are all that Quality Inn has alleged against Carberry.

**A.   QUALITY INN DOES NOT ALLEGE THAT CARBERRY ACTED IN AN INDIVIDUAL CAPACITY.**

Quality Inn lists a slew of allegations made against both Carberry and Seneca but only one specific allegation against Carberry himself stating the following:

> Defendant Mr. Carberry made, issued, and circulated an estimate and related statements that misrepresented the benefits under the Policy, which promised to pay the full amount of loss to Plaintiff. Defendant's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section Texas Insurance Code. Tex. Ins. Code § 541.051(1)(B).

3

*See* Doc. 5 at "P". Quality Inn provides absolutely no detail to support what was biased or substandard about that investigation. The only potential wrongdoing is an alleged failure to identify covered damages, but that would not subject him to individual liability because he was undisputedly working as Seneca's agent at the time he made that determination. As explained by another Southern District court:

> The allegations against [the adjuster] are minimal and provide no facts and therefore fail to establish a plausible claim. For the most part the allegations merely track the statutory provisions, alleging only that [the adjuster] inspected the property and that he submitted an undervalued repair estimate to [the insurer]. These actions can be accomplished by [the insurer] through an agent, and as such, are indistinguishable from [the insurer's] actions.

*Dalton v. State Farm Lloyd's, Inc.*, No. Civ. A. H-12-3004, 2013 WL 3157532, at *6 (S.D. Tex. June 19, 2013). Indeed, Quality Inn's Motion even begins by recognizing that Carberry was Seneca's agent. *See* Doc. 5 at "F".

Quality Inn does not offer any allegation of extreme conduct by Carberry that is unrelated to and independent of the claims under the Policy it asserted against Seneca. Quality Inn also makes no suggestion in its Motion to Remand that a recovery against Carberry would provide any financial gain or otherwise improve their ability to recover the damages alleged in the Original Petition. As such, there is no reason he should be a part of this case. *See id.* (where the claims against the adjuster are identical to those against the insurer they are insufficient to support a claim against the adjuster) (internal citations omitted).

**B.    QUALITY INN DOES NOT STATE A VIABLE CAUSE OF ACTION UNDER § 541.060.**

Even if the Court were to review each of the causes of action asserted against Carberry, they would still fail to state an actionable claim against him in his individual capacity. That is particularly true with respect to the Insurance Code claims because Texas federal district courts

4

are clear that plaintiffs must meet the heightened federal pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure. *Jana Food Serv., Inc. v. Nationwide Agribusiness Ins. Co.*, 4:16-CV-864-A, 2016 WL 7165973, at *3 (N.D. Tex. Dec. 7, 2016).

### 1) Chapter 541.060 Does Not Apply to Individual Adjusters

Quality Inn has not pled sufficient factual allegations to support any of the three Tex. Ins. Code § 541.060 allegations against Carberry, nor can it. Texas federal courts that have addressed § 541.060 unfair settlement practices allegations against an adjuster have found that the section **applies only to insurers**, and that it does not apply to adjusters. *Ministerio Int'l Lirios Del Valle v. State Farm Lloyds*, No. 3:16-CV-1212-D, 2016 WL 5791550, at *3 (N.D. Tex. Oct. 4, 2016) (J. Fitzwater); *see Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 3:15–CV–3741–D, 2016 WL 931217, at *4 (N.D.Tex. Mar. 11, 2016) ("Massey and Cagle are both adjusters, and "[a]n adjuster 'cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer.'") (*quoting Messersmith*, 10 F.Supp.3d at 724); *Slabaugh*, 2015 WL 4046250, at *10. Accordingly, that claim fails as a matter of law.

### 2) Quality Inn Does Not Allege An Actionable Misrepresentation

Quality Inn broadly alleges that Carberry misrepresented the actual cost to repair or replace the wind damage for Plaintiff's claim. *See* Doc. 5 at "K". Quality Inn's sole basis for these claims is the assertion that Seneca's coverage denial was improper. These allegations are insufficient because the Fifth Circuit requires plaintiffs to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Hermann Holdings, Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002)(internal quotations and citations omitted). Quality Inn has not done

that in this case because it simply states that Seneca relied on Carberry's estimate to deny coverage. Thus, Carberry could not have misrepresented anything that would subject him to individual liability under the Texas Insurance Code.

Even if the Court were to consider the denial letter itself as some sort of representation, the claim would still fail because the denial letter is simply a post-loss representation, which Texas courts have repeatedly held do not support DTPA or Insurance Code liability – particularly when those positions/actions pertain to coverage under the policy. *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, H-10-1846, 2011 WL 240335, at *11 (S.D. Tex. Jan. 20, 2011) ("Texas courts consistently hold [post-loss representations] do not give rise to DTPA or Insurance Code liability, especially when they pertain to coverage."), *citing Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 & n. 55 (Tex.1990); *Royal Glove Ins., Co., v. Bar Consultants*, Inc., 577 S.W.2d 688, 694–95 (Tex.1970). *See also West Texas Agriplex v. Mid-Continent Cas. Co.*, No. Civ. A. 5:03-cv-199-C, 2004 WL 1515122 (N.D. Tex. July 7, 2004) ("Ample case law has held that an insured normally cannot bring a misrepresentation claim for any alleged representations after a loss."). Accordingly, Quality Inn has failed to allege an actionable misrepresentation claim against Carberry.

### 3) Carberry Could Not Have Failed to Effectuate Prompt Settlement

Quality Inn also alleges that Seneca and Carberry are liable for "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear." Tex. Ins. Code § 541.060(a)(2). But those allegations fail to state a claim of action against Carberry because "an adjuster cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer." *Meritt Buffalo Events*, 2016 WL 931217, at *4 (quotation marks and citations

6

removed). Moreover, Quality Inn combines the allegations against Seneca and Carberry without distinguishing what differs about Carberry's independent conduct from Seneca's ultimate claim decision. *Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, No. Civ. H-16-3676, 2017 WL 3431816, at *4 (S.D. Tex. Aug. 9, 2017) (requiring plaintiff to state distinguishable facts against adjuster to warrant remand). Consequently, Quality Inn has failed to state a plausible claim against Carberry under § 541.060(a)(2).

> **4)   Carberry Had No Duty to Explain Seneca's Denial of Quality Inn's Claim or to Affirm or Deny Coverage Within a Reasonable Time.**

Quality Inn also alleges generic claims against Seneca and Carberry for allegedly "refusing to affirm or deny coverage within a reasonable time." Tex. Ins. Code § 541.060(a)(4). But again, those allegations are insufficient to state an actionable claim against Carberry "because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim," so an adjuster cannot be held liable for violating § 541.060(a)(4). *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-CV-1087 D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.); *see also Bianca Tabarestani v. United Prop. and Cas. Ins. Co., Eric David Savener, and Valerie Riley*, No. H-16-712, (S.D. Tex. June 29, 2016) (Werlein, J.). In addition, "an adjuster cannot be held liable under this section because an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder." *One Way Invs., Inc.*, 2014 WL 6991277, at *5. Therefore, Quality Inn has failed to plead a plausible cause of action for recovery against Carberry.

7

### 5) Carberry Did Not Refuse to Pay a Claim Without Conducting a Reasonable Investigation.

Quality Inn also alleges that Carberry is liable under § 541.060(a)(7) for "refusing to pay Plaintiff's claim without conducting a reasonable investigation." Tex. Ins. Code § 541.060(a)(7). But that claim fails because Carberry's role was merely to inspect the alleged damages and not to make an actual claims decision. Other Texas federal district courts have recognized the distinction and ruled:

> the bad behavior that the statute targets is an insurer's refusal to pay under certain circumstances. Those who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, **not the individual responsible for conducting the investigation**.

*Messersmith*, 10 F. Supp. 3d at 725 (construing Tex. Ins. Code § 541.060(a)(7))(emphasis added); *see also Meritt Buffalo*, 2016 WL 931217 at *4 (quoting *Messersmith*). Consequently, an insurer, not an adjuster, may be liable under this section of the Texas Insurance Code.

### C. DTPA CLAIMS AGAINST INSURANCE ADJUSTERS ARE NOT ACTIONABLE

Quality Inn also asserts DTPA claims against Carberry, which claims fail because of a more fundamental reason that they are really Insurance Code claims.[1] To succeed on a DTPA claim, a plaintiff must show: (1) the plaintiff is a consumer who sought or acquired, by purchase or lease, goods or services; (2) the defendant is subject to suit under the DTPA; (3) the defendant committed an act in violation of the DTPA; and (4) the defendant's purported action was a producing cause of the plaintiff's damages. *Guajardo v. JP Morgan Chase Bank, N.A.*, 650 Fed. Appx. 240, 249 (5th Cir. 2015) (per curiam) [*citing* Tex. Bus. & Comm. Code Ann. §§ 17.41–63; *In re Frazin*, 732 F.3d 313, 323 (5th Cir. 2013) and *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995)]. But here, Quality Inn has not alleged that it purchased any

---

[1] To the extent that SHRIMAD's DTPA claims mirror those under the Insurance Code, they fail for the same reasons stated earlier in this Response.

service or good from Carberry. It bought insurance services from Seneca. Therefore, it is not a "consumer" as to Carberry, thereby making its DTPA claims inactionable as a matter of law.

## IV. CONCLUSION

Quality Inn's claims against Carberry have not been asserted with any realistic goal of prevailing, but instead are common tactic to defeat diversity jurisdiction that courts in this Circuit do not favor. *Lopez*, 2016 WL 3671115, at *3; *see Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 108 (S.D. Tex. 1994). Moreover, the individualized "facts" asserted against Carberry do not provide the requisite factual background necessary to maintain a valid cause of action under the Texas Insurance Code or DTPA. Accordingly, Defendant David Carberry requests that all claims pled against him by Quality Inn be dismissed.

Respectfully submitted,

THOMPSON COE COUSINS & IRONS, L.L.P.

By: /s/ *Christopher H. Avery*
James N. Isbell
State Bar No. 10431900
jisbell@thompsoncoe.com
Christopher H. Avery
Texas State Bar No. 24069321
cavery@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Telecopy: (713) 403-8299

**ATTORNEYS FOR DEFENDANTS SENECA INSURANCE COMPANY AND DAVID CARBERRY**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served upon all known counsel of record as follows on this 2nd day of January, 2018:

William N. Allan IV
Allan, Nava & Glander, PLLC
13409 NW Military Highway, Suite 300
San Antonio, Texas 78231
serveone@ANGlawfirm.com
Telephone: (210) 305-4220
Telecopier: (210) 305-4219

*Counsel for Plaintiff*
*Shrimad Holdings, L.P.*
*d/b/a Quality Inn & Suites*

                                             */s/ Christopher H. Avery*
                                             Christopher H. Avery

2900083v1
01446.218