IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHRIMAD HOLDINGS, L.P., <br> d/b/a *Quality Inn & Suites*, <br><br> Plaintiff, <br><br> v. <br><br> SENECA INSURANCE COMPANY <br> and DAVID CARBERRY, <br><br> Defendants. | § § § § § § § § § § § § | 1:17-cv-968-RP |

## **ORDER**

Before the Court is Plaintiff Shrimad Holdings, L.P., d/b/a Quality Inn & Suites' ("Quality Inn") Motion to Remand, (Dkt. 5), along with the parties' responsive briefing. After considering the parties' arguments and the relevant law, the Court agrees with Quality Inn that remand is proper.

## **I. BACKGROUND**

Quality Inn filed this action in the 98th Judicial District Court of Travis County, Texas, on August 23, 2017. (Orig. Pet., Dkt. 4-1). In its petition, Quality Inn asserts causes of action arising under Texas law against Defendants Seneca Insurance Company ("Seneca") and David Carberry ("Carberry") (together, "Defendants"). (*Id.* at 12–17). Quality Inn alleges that one of its hotels was damaged in a storm and that Seneca (the insurer) and Carberry (the adjuster) failed to properly handle its insurance claim. (*Id.* at 3–11). Seneca removed the case to this Court on October 11, 2017, on the basis of this Court's diversity jurisdiction. (Dkt. 1). In its notice of removal, Seneca asserts that it is diverse from Quality Inn and that Carberry—who is not—was improperly joined. (*Id.* at 2).

1

## II. LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity— if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). When a properly joined defendant is a resident of the same state as the plaintiff, removal is improper. 28 U.S.C. § 1441(b)(2).

However, "the improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). To establish improper joinder, the removing party has the "heavy" burden, *id.*, to demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Only the doctrine's second prong is before the Court here. (Not. Removal, Dkt. 1, at 4; Resp. Mot. Remand, Dkt. 14, at 2).

Under the second prong of the improper joinder doctrine, a defendant must establish "that there is no possibility of recovery by the plaintiff against an in-state defendant," which stated differently means "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. A court evaluates the reasonable basis of recovery under state law by "conduct[ing] a Rule 12(b)(6)-type analysis" or "pierc[ing] the pleadings and conduct[ing] a summary inquiry." *Id.*; *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016) (stating that a court may use

either analysis, but it must use one and only one). The Court agrees with the parties that the Rule12(b)(6)-type analysis is appropriate here. (*See* Resp. Mot. Remand, Dkt. 14, at 4).

In conducting a 12(b)(6)-type analysis, federal pleading standards apply. *Int'l Energy Ventures*, 818 F.3d at 207. Accordingly, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The statements in the complaint must be sufficiently detailed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.*

The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007)*; see also Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013) ("Any ambiguities are construed against removal and in favor of remand to state court."). A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

### III. DISCUSSION

The parties agree that Quality Inn and Carberry are both Texas residents. (Not. Removal, Dkt. 1, at 3; Mot. Remand, Dkt. 5, at 1). This Court therefore lacks subject matter jurisdiction unless Seneca can meet its heavy burden to establish that Carberry was improperly joined. Seneca argues

3

that Quality Inn fails to state a claim against Carberry either because it fails to allege sufficient facts to state a plausible claim for relief against him or because it asserts claims against him that are not actionable against insurance adjusters. (Not. Removal, Dkt. 1, at 4–5). Quality Inn responds that, among other things, insurance adjusters can be held liable under the Texas Insurance Code and that it has alleged enough facts to state a plausible claim for relief under that statute. (Mot. Remand, Dkt. 5, at 4). The Court agrees with Quality Inn. Its pleading against Carberry for violating Texas Insurance Code Section 541.060(a)(2) is, by itself, sufficient to state a plausible claim for relief against Carberry. (Orig. Pet., Dkt. 4-1, at 16).

The Texas Insurance Code defines a "person" subject to liability under the code as any "individual . . . engaged in the business of insurance"—explicitly including adjusters. Tex. Ins. Code § 541.151(1); *id.* § 541.002(2); *see also Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998) (holding that an insurer's employee who "engage[s] in the business of insurance" is a "person" for purposes of the Texas Insurance Code and thus may be held liable individually under the code). "The business of insurance includes the investigation and adjustment of claims and losses." *Vail v. Tex. Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1988). Accordingly, the Fifth Circuit has recognized that insurance adjusters may be held individually liable for violations of the Texas Insurance Code. *Gasch*, 491 F.3d at 282.

Quality Inn asserts that Carberry is individually liable under Texas Insurance Code Section 541.060(a)(2) for "[n]ot attempting in good faith to effectuate a prompt, fair, and equitable settlement of an insurance claim submitted in which liability has become reasonably clear." (Orig. Pet., Dkt. 4-1, at 16). In support of that cause of action, Quality Inn alleges a number of relevant facts. According to Quality Inn, Carberry retained and oversaw an engineering firm that "spent little time inspecting" the property and limited the investigation "primarily to the roofs of the main

4

building." (*Id.* at 6). Carberry and the firm only conducted a limited visual check of a small, unrepresentative sample of the roof. (*Id.*). They did not conduct testing that would have identified the full extent of the hail and wind damage to the roof, nor did they inspect the building's interior for water damage. (*Id.*). Accordingly, Carberry's report omitted substantial damage to the roof, exterior vents, exterior air conditioning units, gutters, spouts, screens, signs, and interior guestrooms. (*Id.* at 6–7). Carberry also underestimated the cost to repair or replace the limited damage he did include in his estimate. (*Id.* at 7). As a result, Quality Inn claims, Carberry "prepared an estimate to misrepresent that no payment was due on the insurance claim" in order "to ostensibly effectuate settlement of [Quality Inn's] insurance claim." (*Id.*). In fact, Quality Inn claims, its own adjuster determined the cost of repairs to exceed $238,000. (*Id.*). Carberry's failure "to make a good faith attempt to settle [Quality Inn's] insurance claim in a prompt, fair, and equitable manner, although they were aware of the clear liability to [Quality Inn] under the Policy," allegedly violates Section 541.060(a)(2)(A). (*Id.* at 9).

Despite these factual allegations, Seneca disagrees that Quality Inn has provided a reasonable basis for recovery on this claim because insurance adjusters cannot be held liable under Section 541.060(a)(2). (Resp. Mot. Remand, Dkt. 14, at 6–7). In support of its position, Seneca cites a number of decisions from district courts in this circuit. *See Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 950 (S.D. Tex. 2016) ("The majority of federal courts that have addressed [Section 541.060(a)(2)] have found that this section applies only to insurers, and that it does not apply to adjusters."); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) (holding that an insurance adjuster "cannot be held liable under [Section 541.060(a)(2)] because, as an adjuster, [he] does not have settlement authority on behalf of [the insurer]."); *Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, No. 3:15-CV-3741-D, 2016 WL 931217, at *4 (N.D. Tex. Mar. 11,

5

2016) (citing *Messersmith* to reach the same holding); *Ministerio Int'l Lirios Del Valle v. State Farm Lloyds*, No. 3:16-CV-1212-D, 2016 WL 5791550, at *3 (N.D. Tex. Oct. 4, 2016) (same); *One Way Investments, Inc. v. Century Sur. Co.*, No. 3:14-CV-2839-D, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (same).

Meanwhile, Quality Inn points to a number of decisions from district courts in this circuit finding that Section 541.060(a)(2) does apply to adjusters. *See Richard v. Geovera Specialty Ins. Co.*, No. 4:16-CV-2496, 2016 WL 6525438, at *5 (S.D. Tex. Nov. 3, 2016) (remanding case in light of allegations that adjuster violated Section 541.060(a)(2)); *Mehar Holdings, LLC v. Evanston Ins. Co.*, No. 5:16-CV-491-DAE, 2016 WL 5957681, at *4 (W.D. Tex. Oct. 14, 2016) (noting that "federal district courts are split as to whether an adjuster may be held liable under section 541.060(a)(2)(A)," and resolving that split in authority in favor of remand); *Martinez v. State Farm Lloyds*, No. 3:16-CV-00040-M, 2016 WL 4427489, at *3 (N.D. Tex. Aug. 22, 2016) ("Several courts, including this one, have concluded that an insurance adjuster may be held personally liable for engaging in unfair settlement practices under Tex. Ins. Code § 541.060(a)(2), because the adjuster has the ability to affect or bring about the settlement of a claim.") (collecting cases); *Manziel v. Seneca Ins. Co., Inc.*, No. 3:15-CV-03786-M, 2016 WL 3745686, at *3 (N.D. Tex. July 13, 2016) (same); *Roach v. Vehicle*, No. 3:15-CV-3228-G, 2016 WL 795967, at *5 (N.D. Tex. Feb. 29, 2016) ("Numerous courts have concluded that an insurance adjuster may be held personally liable for engaging in unfair settlement practices under [Section 541.060(a)(2)].") (collecting cases); *Denley Grp., LLC v. Safeco Ins. Co. of Indiana*, No. 3:15-CV-1183-B, 2015 WL 5836226, at *4 (N.D. Tex. Sept. 30, 2015) ("[I]nsurance adjusters unquestionably have the ability to affect or bring about the 'prompt, fair, and equitable settlement' of claims, because it is upon their investigation that the insurance company's settlement of a claim is generally based.").

As the citations above reveal, the split in authority over the application of Section 541.060(a)(2) to adjusters depends on how a court interprets the statute's use of the term "effectuate." *Compare Messersmith*, 10 F. Supp. 3d at 724 (holding that the provision does not apply to adjusters because they lack settlement authority and thus cannot "effectuate" a settlement), *with Roach*, 2016 WL 795967, at *5 (holding that the provision does apply to adjusters because their investigation "effectuates" an insurer's settlement of a claim by forming the basis of that settlement). Both the quantity of decisions on each side of this issue and the quality of analysis favoring each conclusion are evidence that reasonable jurists can disagree on the provision's scope. There is thus an ambiguity with respect to the question of whether Section 541.060(a)(2) applies to Carberry. This ambiguity arises in the context of a motion to remand, and so it must be resolved in favor of remand, because "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Hood*, 737 F.3d at 84; *see also Richard*, 2016 WL 6525438, at *5 (reaching the same conclusion); *Mehar Holdings*, 2016 WL 5957681, at *4 (same). For the purposes of deciding Quality Inn's motion to remand, the Court therefore holds that Section 541.060(a)(2) applies to Carberry.

The question then becomes whether Quality Inn has pleaded facts sufficient to provide a "reasonable basis" for the Court to predict that Quality Inn might be able to recover against Carberry. *Smallwood*, 385 F.3d at 573. If true, the factual allegations described above, *see supra* at 4–5, could reasonably form a basis to recover against Carberry under Section 541.060(a)(2) for failing to "effectuate a prompt, fair, and equitable settlement" of the insurance claim. *See Mehar Holdings*, 2016 WL 5957681, at *4 (finding that plaintiff sufficiently pleaded a claim under section 541.060(a)(2)(A) on the basis of allegations that the adjuster "failed to inspect the property and the damages, failed to request information, failed to fully investigate claim"); *Manziel*, 2016 WL 3745686, at *3 (finding that plaintiff sufficiently pleaded a claim under section 541.060(a)(2) on the basis of allegations that the

adjuster retained an "inadequate" engineer to assess damage and misrepresented the extent of damage). Accordingly, since Quality Inn has pleaded at least one reasonable basis to recover against Carberry, he is properly joined to this action. The parties therefore lack complete diversity, and the Court lacks subject matter jurisdiction. The Court must therefore remand this action to state court.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Shrimad Holdings' Motion to Remand, (Dkt. 5), is **GRANTED**. This case is **REMANDED** back to the 98th Judicial District Court of Travis County, Texas. The Clerk of the Court is directed to **CLOSE** this action.

**SIGNED** on April 4, 2018.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE